UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| INTENT IQ, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MNTN, INC.,<br><br>        Defendant. | Case No.   7:25-cv-00246<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT AGAINST MNTN INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Intent IQ, LLC ("Plaintiff") makes the following allegations against Defendant MNTN, Inc. ("Defendant" or "MNTN"):

### INTRODUCTION AND PARTIES

1. This complaint arises from Defendant's unlawful infringement of the following United States patent owned by Intent IQ, which generally relates to novel internet / network based advertising systems and methods: United States Patent Nos. 8,677,398 and 11,949,962 (the "Asserted Patents"). Intent IQ owns all right, title, and interest in each of the Asserted Patents to file this case.

2. Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. Inten IQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens. Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a

1

user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

3. On information and belief, Defendant is a Delaware corporation with a principal place of business at 823 Congress Avenue #1827, Austin Tx 78768. Defendant may be served with process through its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware and has a place of business in this District at 823 Congress Avenue #1827, Austin Tx 78768. Defendant has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patent.

6. Venue is proper in this District because Defendant has a regular and established place of business in this District and has committed acts of infringement within this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,677,398

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns all rights, title, and interest in U.S. Patent No. 8,677,398, titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014 ("the '398 patent"). A true and correct copy of the '398 patent is attached as Exhibit 1.

9. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports the Accused Instrumentalities (MNTN platform, including but not limited to components such as MNTN Performance TV, Audience Targeting, Attribution, Verified Visits, MNTN's Integrations and Flexible APIs) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '398 patent.

10. The infringement of the '398 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement the '398 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

11. Defendant's infringement has been and is willful. Through at least the filing and service of this Complaint, Defendant has had knowledge of, or was willfully blind to, the '398 patent and that the Accused Instrumentalities infringed. Despite Defendant's knowledge of or willful blindness to the '398 patent at least as a result of the filing and service of this Complaint, Defendant continued and still continue to infringe the '398 patent. In doing so, Defendant knew, or should have known, that their conduct amounted to infringement of the '398 patent. Accordingly, Defendant is liable for willful infringement.

12. The Accused Instrumentalities satisfy all claim limitations of one or more method claims of the '398 patent. A claim chart comparing independent method claim 1 of the '398 patent to a representative Accused Instrumentalities is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and is liable for infringement of the '398 patent pursuant to 35 U.S.C. § 271.

14. As a result of Defendant's infringement of the '398 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

15. Plaintiff is entitled to past damages for Defendant's infringement of the '398 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '398 patent.

16. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '398 patent, and specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 11,949,962

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Plaintiff owns all rights, title, and interest in U.S. Patent No. 11,949,962, titled "method and computer system using proxy IP addresses and PII in measuring ad effectiveness across devices," issued on April 2, 2024 ("the '962 patent"). A true and correct copy of the '962 patent is attached as Exhibit 3.

19. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports the Accused Instrumentalities (the MNTN platform including but not limited to components such as MNTN Performance TV, Audience Targeting, Attribution, Verified Visits, MNTN's Integrations and Flexible APIs) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '962 patent.

20. The infringement of the '962 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities direct and control use of the Accused Instrumentalities to perform acts that result in infringement of the '962 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

21. Defendant's infringement has been and is willful. Through at least the filing and service of this Complaint, Defendant has had knowledge of, or was willfully blind to, the '962 patent and that the Accused Instrumentalities infringed. Despite Defendant's knowledge of or willful blindness to the '962 patent at least as a result of the filing and service of this Complaint, Defendant continued and still continue to infringe the '962 patent. In doing so, Defendant knew, or should have known, that their conduct amounted to infringement of the '962 patent. Accordingly, Defendant is liable for willful infringement.

22. The Accused Instrumentalities perform all claim limitations of one or more method claims of the '962 patent. A claim chart comparing independent method claim 1 of the '962 patent

to a representative Accused Instrumentalities is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

23. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and is liable for infringement of the '962 patent pursuant to 35 U.S.C. § 271.

24. As a result of Defendant's infringement of the '962 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

25. Plaintiff is entitled to past damages for Defendant's infringement of the '962 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '962 patent.

26. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '962 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the Asserted Patents, either literally and/or under the doctrine of equivalents;

b. A judgment in favor of Plaintiff finding post-suit willful infringement of the Asserted Patents

c. A permanent injunction prohibiting Defendant from further acts of infringement of

    the Asserted Patents;

d.     A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

e.     A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

f.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

g.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Datonics, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: May 23, 2025                          Respectfully submitted,

                                                         */s/ Reza Mirzaie*

                                                         Reza Mirzaie
                                                         Marc A. Fenster
                                                         Brian D. Ledahl
                                                         Adam S. Hoffman
                                                         James A. Milkey
                                                         Philip X. Wang
                                                         James Tsuei
                                                         Jonathan Ma
                                                         Joshua M. Scheufler
                                                         Daniel B. Kolko
                                                         **RUSS AUGUST & KABAT**


12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
pwang@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com

*Attorneys for Plaintiff*
*Intent IQ, LLC*