**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **INTENT IQ, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **MO:25-CV-00246** |
| | § | |
| **MNTN, INC.,** | § | |
| *Defendant.* | § | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is Defendant MNTN, Inc.'s Motion to Dismiss (Doc. 15). The motion is fully briefed, and the Court finds a hearing is unnecessary. After careful consideration of the briefs and the applicable law, the Court finds the motion should be **GRANTED IN PART** and **DENIED IN PART**.

## I.      BACKGROUND

Plaintiff Intent IQ, LLC, filed this suit alleging that Defendant MNTN, Inc., directly and willfully infringed on its rights to U.S. Patent No. 8,677,398 (the "'398 Patent") and U.S. Patent No. 11,949,962 (the "'962 Patent") (together, the "Asserted Patents"), which relate to internet/network-based advertising systems and methods. Doc. 1 ¶ 1. Defendant moves to dismiss the complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## II.      LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff's complaint needs to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff meets this standard if the facts as pled allow "the court to draw the reasonable inference that Defendant is liable for the misconduct alleged." *Id.* In the context of a patent case, this requires Plaintiff to allege enough facts to put "a potential infringer . . . on notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020) (patent infringement claims "are subject to the pleading standards established by [*Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662]").[1] When deciding this motion, the Court takes all well-pled facts as true and views them in the light most favorable to Plaintiff. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).

To state a claim for willful infringement, Plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Elecs. Inc. v. Pulse Elecs. Inc.*, 579 U.S. 93, 105 (2016). This requires alleging facts to plausibly show Defendant (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew or should have known that its conduct amounted to infringement of the patent. *Datanet LLC v. Dropbox Inc.*, No. 6:22-CV-01142-OLG-DTG, 2023 WL 7118041, at *3 (W.D. Tex. Oct. 27, 2023).

---

[1] Before December 1, 2015, when Federal Rule of Civil Procedure 84 and Form 18 were abrogated, "Form 18 in the Appendix of Forms provided a form adequate to plead a direct infringement patent claim." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018) (citing *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)). Now that Form 18 has been eliminated, the pleading standard for direct infringement is governed by *Twombly* and *Iqbal. See Golden*, 819 F. App'x at 930–31.

## III.   ANALYSIS

Defendant moves to dismiss Plaintiff's direct and willful infringement claims for both the '398 and '962 Patents. Having considered each argument in turn, the Court finds that the motion should be **GRANTED** with respect to pre-suit willful infringement and **DENIED** in all other respects.

### A. <u>Direct Infringement of the '398 Patent and the '962 Patent.</u>

The complaint proposes two alternative theories in support of its direct infringement claims. First, the complaint alleges that Defendant directly infringes on the patents by making, using, offering for sale, selling, or importing the "Accused Instrumentalities," which are identified as the "MNTN platform, including but not limited to components such as MNTN Performance TV, Audience Targeting, Attribution, Verified Visits, MNTN's Integrations and Flexible APIs." Doc. 1 ¶¶ 9, 19. Alternatively, the complaint alleges that the infringement is "attributable" to Defendant because Defendant "and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts" that result in the Asserted Patents' infringement. *Id.* ¶¶ 10, 20.

Federal Rule of Civil Procedure 8(d)(2) allows a complaint to assert alternative theories in support of its claim. "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2); *see also Perkins v. United Surgical Partners Int'l, Inc.*, No. 23-10375, 2024 WL 1574342, at *5 n.9 (5th Cir. Apr. 11, 2024) (stating that a court must deny a motion to dismiss if the complaint states a legally cognizable claim among multiple alternative theories). Therefore, the Court first evaluates

whether the complaint asserts sufficient factual allegations to support its first theory for the direct infringement of the Asserted Patents.

Defendant argues that the complaint's first theory fails as the allegations in support are "vague, ambiguous, and conclusory, and fail to identify which accused features" relate to the asserted claims. Doc. 15 at 4. Defendant also alleges that the complaint fails to show how the identified portions infringe the Asserted Patents' claims. *Id.* at 3. The Court rejects both arguments.

Defendant argues at length that the complaint is vague and conclusory because it inappropriately compares claim elements to "portions" of the Accused Instrumentalities without identifying the specific portion it refers to. *See id.* at 4. But Plaintiff claims that it does not know "precisely how these various offering are internally organized or identified" at this stage of the proceedings. Doc. 32 at 2. Still, Plaintiff argues that it has sufficiently put Defendant on notice of its claims by identifying which of Defendant's actions are accused of infringement and supporting its claims with evidence from Defendant's website. *Id.* at 3–4.

At the pleadings stage, Plaintiff need only put Defendant on notice of the activity being accused of infringement. *See, e.g., AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 35 (Fed. Cir. 2024) (citing *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1346 (Fed. Cir. 2021)). To meet this burden, Plaintiff need not specifically name the infringing device or system. *Power Density Sols. LLC v. United States*, 159 Fed. Cl. 208, 219 (Fed. Cl. 2022) (holding that a lack of specific details did not prevent a complaint from putting Defendant on notice of the activities that

4

were accused of infringement). Rather, it is sufficient to identify specific actions or techniques which satisfy the claim language. *Id.* at 220.

While the attached claim charts do not identify which exact portions of the Accused Instrumentalities infringe, they do allege specific activities that constitute the alleged infringement. *See, e.g.,* Doc. 1-2 at 8 (identifying specific activities performed through the Accused Instrumentalities as satisfying the claim language). The claim charts support Plaintiff's assertions with screenshots and citations to Defendant's website, which provide Defendant with further notice of the behavior accused of infringement. *See* Docs. 1-2, 1-4. Taken as a whole, the Court is satisfied that Plaintiff asserts sufficient facts to put Defendant on reasonable notice of the activities that are being accused of infringement—which is all that is required at this stage.

Defendant next argues that the complaint fails to explain how its identified portions of the Accused Instrumentalities infringe the Asserted Patents. Doc. 15 at 4. The Court likewise rejects this argument. First, Defendant's focus on accused components is misleading as Plaintiff has not accused individual components of infringement but has accused the MNTN platform of infringement. Doc. 1 ¶ 9, 19. As noted by Plaintiff, determining which component of the MNTN platform performs which claim element will require information uniquely within Defendant's control. Doc. 32 at 2-5; *see, e.g., Bot M8 LLC*, 4 F.4th at 1346 (noting that a plaintiff need not prove its case at the pleading stage). While additional details would be helpful, such details will be provided in Plaintiff's required preliminary and final infringement contentions. *See* Standing Order Governing Patent Proceedings at 2 (WD

Tex.—Midland/Odessa and Pecos Divisions, Aug. 2, 2022); Standing Order Governing Patent Proceedings (OGP) 4.4 Patent Cases (WD Tex.—Waco Division, Jan. 23, 2024).

Defendant also challenges Plaintiff's alternative theory that the acts of other users are "attributable" to Defendant. Doc. 35 at 4. Because Plaintiff has sufficiently pled its first theory for relief, the Court does not need to reach the merits of its alternative theory. *See* Fed. R. Civ. P. 8(d)(2) (stating that "the pleading is sufficient if any one of them is sufficient"). The Court therefore finds that Defendant's motion to dismiss Plaintiff's direct infringement claims should be **DENIED**.

B. <u>**Willful Infringement of the '398 Patent and the '962 Patent.**</u>

Defendant next moves to dismiss Plaintiff's willful infringement claims for the Asserted Patents. As a threshold matter, Defendant argues that since direct infringement fails, Plaintiff's allegations of willful infringement should be dismissed as well. Doc. 15 at 10. The Court has already found Plaintiff's direct infringement claims sufficient for the reasons explained above and it rejects this argument.

Defendant also claims that Plaintiff failed to allege a sufficient factual basis for willful infringement. *Id.* at 11. Defendant contends that plaintiff has presented no evidence of pre-suit willfulness and that the complaint cannot support post-suit willfulness. *Id.* Plaintiff does not address pre-suit willfulness but contends that it adequately "pleads post-suit willfulness." Doc. 32 at 8. Additionally, the complaint refers to willfulness generally but seeks a judgment only for post-suit willful infringement. *See* Doc. 1 ¶¶ 11, 21, b (Prayer for Relief). To the extent that it is alleged and to avoid any dispute, the Court finds that Plaintiff's claim for pre-suit willful infringement should be **GRANTED**.

6

The Court turns to Defendant's final argument on post-suit infringement. Defendant argues that a willful infringement claim requires Plaintiff to allege that Defendant had pre-suit knowledge of the Asserted Patents and that it deliberately or intentionally infringed on those patents. Doc. 15 at 3. But Plaintiff argues that it may sufficiently state a claim for post-suit willful infringement based on the complaint and Defendant's continuing infringing conduct. Doc. 32 at 8 (citing *BillJCo, LLC v Apple Inc.*, 583 F. Supp. 3d 769, 778 (W.D. Tex. 2022)).

The weight of authority from this District and its sister District indicates that post-suit willfulness can be supported based on the filing and service of the complaint and continued post-service infringement, as claimed by Plaintiff. *See Motion Offense, LLC v. Dropbox, Inc.,* No. 6:23-CV-303-ADA, 2024 WL 5185355, at \*2 (W.D. Tex. Aug. 26, 2024); *Pantech Corp. v. OnePlus Tech. (Shenzhen) Co.*, No. 5:24-CV-00038-RWS-JBB, 2025 WL 2793801, at \*4 (E.D. Tex. Aug. 27, 2025), *report and recommendation adopted*, No. 5:24-CV-38-RWS-JBB, 2025 WL 2778974 (E.D. Tex. Sept. 26, 2025); *Adaptive Spectrum & Signal Alignment, Inc. v. Charter Commc'ns, Inc.*, No. 2:24-CV-00124-JRG-RSP, 2025 WL 1341892, at \*13 (E.D. Tex. Mar. 31, 2025), *report and recommendation adopted,* No. 2:24-CV-00124-JRG-RSP, 2025 WL 1539838 (E.D. Tex. May 29, 2025). Based on this authority, the Court finds that Plaintiff sufficiently plead post-suit willful infringement. Defendant's motion to dismiss the post-suit willfulness claims is therefore **DENIED**.

## IV.   CONCLUSION

For the above reasons, it is **ORDERED** that Defendant MNTN, Inc.'s motion to dismiss (Doc. 15) Plaintiff's complaint is **GRANTED** as to pre-suit willful infringement and **DENIED** in all other respects.

It is so **ORDERED**.

SIGNED this 21st day of March, 2026.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE