**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **INTENT IQ, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 7:25-CV-00246-DC-DTG** |
| | § | |
| **MNTN, INC.,** | § | |
| *Defendant,* | § | |

## <u>ORDER DENYING MOTION TO TRANSFER (DKT. NO. 40)</u>

Before the Court is the defendant, MNTN, Inc.'s Motion to Transfer under 28 U.S.C. § 1404(a) (Dkt. No. 40). The defendant seeks an intra-division transfer within the Western District of Texas from the Midland/Odessa Division to the Austin Division. The plaintiff, Intent IQ, LLC opposes the transfer. Having considered the arguments carefully, the Court finds that the motion should be **DENIED**.

## I.    BACKGROUND

The plaintiff, Intent IQ, LLC., filed this patent infringement suit in the Midland/Odessa Division of the Western District of Texas. The plaintiff alleges that the defendant, MNTN, Inc., is directly infringing on one or more claims of the plaintiff's patents: U.S. Patent No. 8,677,398 (the "'398 Patent") and U.S. Patent No. 11,949,962 (the "'962 Patent"). Dkt. No. 1 at 1. The defendant moved to transfer this suit to the Austin Division of the Western District of Texas. Dkt. No. 40.

## II.    ANALYSIS

The defendant's motion to transfer is governed by 28 U.S.C. § 1404(a), which allows a court to transfer a case to another district or division where it could have been brought "for the

convenience of parties and witnesses." 28 U.S.C. § 1404(a). A party seeking transfer under section 1404 "must show good cause" and that the transferee district or division is "clearly more convenient." *In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The Court determines whether transfer is proper by analyzing the well-known private and public interest factors.[1]

In the Fifth Circuit, the § 1404(a) factors apply to both inter-district and intra-district transfers. *In re Radmax Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). It is well-settled that trial courts have even greater discretion in granting intra-district transfers than they do in the case of inter-district transfers. *True Chem. Sols., LLC v. Performance Chem. Co.*, No. 7-18-CV-00078-ADA, 2021 WL 860009, at *1 (W.D. Tex. Mar. 8, 2021).

The parties do not dispute that this suit could have been brought in the Austin Division. Therefore, the Court finds that the threshold burden is satisfied and proceeds to the private and public interest factors. *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (finding that this threshold burden was satisfied as undisputed). For the reasons below, the Court finds that the defendant fails to establish that the Austin Division is the clearly more convenient venue.

### A.  The Private Factors Fail to Show Transfer is Clearly More Convenient.

The first private factor examines the relative ease of access to sources of proof. The defendant argues that "in patent infringement cases, the bulk of the relevant evidence usually

---

[1] Private interest factors: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Public interest factors: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *Id.* (alternations in original).

comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." Dkt. No. 40 at 4 (quoting *In re Genetech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). The defendant avers that "[a]ny evidence Mountain *may* have within the Western District of Texas would be located with its remote employees in the Austin area." *Id*. (emphasis added). But it never actually claims that there is any evidence in the Austin Division that would make sources of proof more accessible in that division. Rather, the defendant relies on the presence of employees who work remotely from their homes and a rented mailbox. Dkt. No. 40-1 ¶ 2. The Court therefore finds this factor fails to demonstrate that transfer is clearly more convenient.

The parties agree the second factor is neutral—which also fails to show transfer is clearly more convenient—therefore, the Court proceeds to the third factor. Dkt. No. 40 at 4; Dkt. No. 41 at 3. The third private factor examines the cost of attendance for willing witnesses. The defendant argues that Austin is where over thirty employees are located. Dkt. No. 40 at 5. The defendant states that "any of these employees who serve as witnesses" would not be burdened with any travel or time away for trial in Austin. *Id.* But it fails to even allege that these employees have information relevant to this case, let alone that it intends to call them as a witness. Similarly, the defendant states that any out-of-state witnesses would be accommodated better in Austin's major international airport than Midland. *Id.* But it has failed to identify specific out-of-state witnesses whose testimony is necessary for trial. While this factor might favor transfer, the defendant's failure to specifically identify witnesses prevents the defendant from meeting its high burden and prevents the Court from finding that this factor clearly favors transfer. *See Genetech*, 566 F.3d at 1343 (requiring a defendant to at least show that a potential witness has relevant and material information to the case); *see also In re Clark*, 94 F.4th 502, 508

(5th Cir. 2024) ("[T]o establish 'good cause' [for transfer], a movant must who (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious . . . that those marginal gains will *actually* materialize in the transferee venue.").

The fourth private factor examines all other practical considerations. The defendant argues that this case is in its earliest stages. Dkt. No. 40 at 5. The parties have yet to commence discovery, and trial is likely more than a year away. Dkt. No. 40 at 5–6. The defendant states when a case is still in its early stages, proceeding to trial in Austin would be as easy and expeditious as another division within the Western District. Dkt. No. 40 at 6. The plaintiff argues the defendant failed to consider the plaintiff's three co-pending and overlapping cases in the Midland division. Dkt. No. 43 at 6. The plaintiff identifies them as: *AlmondNet, Inc. et al. v. Ozone Project Ltd.*, Case No. 7:25-cv-00411- DC-DTG (W.D. Tex. 2025); *Intent IQ, LLC v. Snap Inc.*, Case No. 7:25-CV-00181- DC-DTG (W.D. Tex. 2025); *AlmondNet, Inc. et al v. Amazon.com, Inc. et al*, Case No. 7:25-CV-00165-ADA (W.D. Tex. 2026). Dkt. No. 43 at 6–7. The first case is in initial stages. The second case has a pending motion to transfer to the Central District of California. The third case has a notice of settlement filed. These cases therefore have no effect on this venue transfer analysis. However, the Scheduling Order, which was entered nearly two weeks before the defendant filed its motion, set this case for trial on April 5, 2027. Dkt. No. 36. The defendant failed to present evidence showing that a transfer would result in a similar trial date or similar resolution of this case. Adding this case to the Austin Division's docket would likely result in a delay of trial and resolution. Such a potential for delay is in keeping with the previous findings of *Williams*. *Williams O & G Res., LLC v. Diamondback Energy, Inc.*, No. 1:24-CV-133-DII, 2024 WL 4922546, at *4 (W.D. Tex. Aug. 1, 2024) (noting the significantly higher number of cases in the Austin Division compared to the Midland

Division); *see also* Western District of Texas 2024 Fiscal Year Statistical Report, https://www.txwd.uscourts.gov/wp-content/uploads/District%20Statistics/2024/Fiscal% 20Year%202024%20Statistics%20Public%20Report.pdf (showing 1,475 civil cases filed in the Austin Division in 2024, and 301 civil cases filed in the Midland Division). As a result, the defendant failed to show that this factor makes transfer clearly more convenient.

### B.  The Public Factors Fail to Show Transfer is Clearly More Convenient.

The first public factor examines the administrative difficulties from court congestion. While the defendant states it is "not aware of any administrative difficulties" that would arise from a transfer, it does not support its claim with argument or evidence. *See* Dkt. No. 40 at 6. The plaintiff meanwhile points out over three times the number of civil filings in the Austin Division than the current Midland/Odessa Division. Dkt. No. 43 at 7. Simply arguing that it is not aware of administrative difficulties is an improper attempt to switch the burden to the non-movant. Because the defendant bears the burden of presenting evidence to show transfer is clearly more convenient, it's failure to present evidence prevents this factor from supporting transfer.

The second public interest factor examines the local interest in having local disputes decided at home. The defendant argues that "a division has greater local interest in adjudicating an action when the accused infringer is located within that division." Dkt. No. 40 at 6. But it only points to employees and a rented mailbox in the Austin area. Dkt. No. 40-1 at ¶ 2. It does not show any local interest in adjudication that clearly favors the Austin Division. *See Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022) (stating that this factor focuses primarily on connections between the venue and the events that gave rise to the suit). This factor fails to demonstrate that transfer is clearly more convenient.

The third and fourth factors that examine the forum's familiarity with the governing law and examine any conflicts of law. The parties do not dispute these factors are neutral. These factors fall short of demonstrating that transfer is clearly more convenient.

### III.   CONCLUSION

After carefully considering the briefs, arguments, and applicable law, the Court finds that the defendant has not met its burden of showing that the Austin division of the Western District of Texas is clearly more convenient. The defendant's motion to transfer (Dkt. No. 40) is **DENIED**.

**SIGNED** this 23rd day of March, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE